WILLIAM McCRAW,
ATTORNEY GENERAL

SCOTT GAINES,
FIRST ASSISTANT

BOB GROSE,
CHIEF LAW ENFORCEMENT
OFFICER

RUTH MYERS,
CHIEF CLERK

ASSISTANTS
JOE J. ALSUP
VICTOR W. BOULDIN
J. H. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. B. DUKE
W. W. HEATH
CURTIS E. HILL
WM. MADDEN HILL

W. J. (DICK) HOLT
C. M. KENNEDY
LEONARD KING
LETCHER KING
GEORGE P. KIRKPATRICK
SAM LANE
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
T. F. (TED) MORROW
LEON O. MOSES
PAT M. NEFF, JR.
HARRY S. POLLARD
W. B. POPE
RUSSELL RENTFRO
TOM D. ROWELL
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER. JR.
EFFIE WILSON-WALDRON
CHARLES B. WALKER



## OFFICE OF THE ATTORNEY GENERAL

### AUSTIN

January 20, 1939

Hon. H. A. Hodges
County Auditor of
Williamson County
Georgetown, Texas

Dear Mr. Hodges:

Opinion No. O-155
Re: Fees of constable of
Williamson County for
services rendered for
another county.

Your request for an opinion on the question:

"Does the law intend that fees to be paid
County Officers for services performed for an
"Out County" be paid from the Officers Salary
Fund of the County for which the services are
performed, or does it intend that they be paid
from the Officers Salary Fund of the County
in which the services are performed?"

has been received by this office.

In the first paragraph of your letter you state
that you have been requested by the constable of your county
to secure an opinion from this Department relative to the
payment of fees for services performed for out-of-county
courts. Your attention is directed to Senate Bill No. 5,
Acts Second Called Session, 44th Legislature, Section 17b,
which reads in part as follows:

"In counties wherein the County officers
named in this Act are compensated on the basis
of an annual salary, the State of Texas shall
not be charged with and shall not pay any fee
or commission to any precinct officer for any

services by him performed, but said officer shall
be paid by the County out of the Officers' Salary
Fund puch fe s and commissions as would otherwise
be paid him by the State for such services."

In view of the abovementioned article, you are re-
spectfully advised that a constable in an over county, who
remains on a fee basis and who receives a subpoena from ano-
ther county, to be served in his precinct, should, upon the
receipt of a proper certificate from the foreign county, be
paid out of the Officers' Salary Fund of his native county.
This department has recently rendered an opinion on this ques-
tion to the Hon. I. Predeoki, County Auditor of Galveston
County, a copy of which is enclosed herewith.

Trusting that the foregoing answers your inquiry,
I remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Andell Williams

Assistant

AW:AW

ENCLOSURE

APPROVED:

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS.